# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHRISTOPHER FORNEY,**

      **Petitioner,**

**v.**                                    **Civil Action No. 3:05cv124**
                                         **(Judge Keeley)**

**WARDEN THOMAS MCBRIDE,**

      **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

This case was initiated on November 22, 2005, by the filing of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. In the petition, the *pro se* petitioner challenges a conviction and sentence imposed in the Circuit Court of Morgan County, West Virginia. Presently before the Court is the Respondent's answer and motion to dismiss the petition for the failure to exhaust available state remedies. Petitioner filed a reply to the Respondent's motion on March 20, 2006. Petitioner subsequently filed an update as to the status of his state court proceedings and a supplement to his petition. Accordingly, this case is ripe for review.

## I. Factual and Procedural Background

### A. Petitioner's Conviction and Sentence

According to the parties, the Grand Jury sitting in Morgan County, West Virginia, returned an indictment charging Petitioner with one count of first degree sexual assault, one count of first degree sexual abuse, and one count of contributing to the delinquency of a minor. After a bench trial, Petitioner was convicted on all three counts on May 22, 2001. By Order entered February 22, 2002, Petitioner was sentenced to fifteen to thirty-five years on Count 1, one to five years on Count

2, and one year in county jail on Count 3, each sentence to run consecutively. Later, however, the Court ordered that the sentences run concurrently.

## B. Direct Appeal

Petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals on August 14, 2003. In his appeal, Petitioner asserted the following grounds for relief:

(1) The trial court erred in refusing to grant a judgment of acquittal in violation of the West Virginia Constitution as the state failed to prove that the venue of the offenses charged was properly in Morgan County, West Virginia.

(2) The trial court erred by failing to ensure that the Petitioner's waiver of his right to a jury trial under the Six Amendment to the United States Constitution and Article III § 14 of the West Virginia Constitution was knowing, voluntary and intentional.

(3) That his trial counsel was ineffective by failing to file a motion under Rule 12(b)(3) of the West Virginia Rules of Criminal Procedure and request that the trial court judge conduct a voluntariness hearing regarding the admissibility of Petitioner's statement and it was reversible and prejudicial error of the trial court judge to fail to inquire of the Petitioner in court whether the decision to waive his right to voluntariness hearing was knowing, intelligent and voluntary.

Petitioner's direct appeal was denied by the West Virginia Supreme Court of Appeals on November 19, 2003.

## C. Petitioners' State Habeas Petition

In his state habeas petition, filed on December 1, 2003, Petitioner raised the following grounds for relief:

(1) Trial was held knowingly and illegally in the wrong jurisdiction.

(2) Ineffective assistance of trial counsel and coerced confession.

(3) The Prosecutor represented me in another matter as the felony victim (witness).

(4) State Trooper Platt took statements from both me and the victim alleging that these offenses occurred in Hampshire County, then he perjured himself under oath.

(5) These things were presented at bench trial then feloniously covered up by a corrupt Judge Silver after falsifying the evaluations, PSI report, and sentencing report. The Sentencing Report offered my wrong name, criminal record, and age of the victim.

(6) The conflict of interest with David Savasten [state prosecutor] was not argued at the bench trial.

(7) Other issues to be discussed with appointed counsel.

After counsel was appointed, Petitioner filed an amended petition and Losh checklist in which he listed the following grounds for relief:

(1) Petitioner received ineffective assistance of counsel in violation of the sixth amendment to the United States Constitution and Article III of the West Virginia Constitution

(2) The Petitioner was denied his right to have a trial conducted in the venue where the charged offense occurred in violation of Article III of the United States Constitution and Article III of the West Virginia Constitution.

(3) Petitioner received a sentence that was in violation of the Eighth Amendment to the United States Constitution and Article III of the West Virginia Constitution.

The State court held a two day evidentiary hearing on Petitioner's claims and by Order dated May 16, 2005, Petitioner's state habeas petition was denied. In the Court's final order, Petitioner's habeas counsel was authorized to pursue any potential appeals to the court's final order. In addition,

the Court directed the Circuit Clerk to send a certified copy of the final order to the State Supreme Court.

On October 27, 2005, Petitioner filed an "Addendum to Writ of Habeas Corpus Subjiciendum Pro-Se" with the West Virginia Supreme Court of Appeals in which he stated that he wished to add a pro-se addendum petition to the petition that state habeas counsel sent in May of 2005. In the addendum, Petitioner alleged that the trial court was corrupt and that the circuit court did not have venue to prosecute his case.

On November 8, 2005, the Deputy State Supreme Court Clerk informed Petitioner that the court had not received an appeal of the state habeas court's final order. Therefore, Petitioner filed an "Objection to the Circuit Court's Refusal to Send Petitioner's Habeas Corpus to the West Virginia Supreme Court of Appeals," with the Circuit Court in Morgan County.

On December 9, 2005, Petitioner filed an original jurisdiction petition for writ of habeas corpus with the West Virginia Supreme Court of Appeals. In that petition, Petitioner alleged the following grounds for relief:

(1) Ineffective assistance of state habeas counsel in failing to prosecute an appeal to the denial of the Petitioner's State habeas petition.

(2) Ineffective assistance of state habeas counsel in compelling the Petitioner to testify against himself in the October 28, 2004 evidentiary hearing, and by failing to object to the final order proposed by the state dated May 7, 2005.

(3) Cumulative Error.

As of the date of the Respondent's response, the West Virginia Supreme Court of Appeals had yet to rule on this motion.

On January 26, 2006, Petitioner filed another habeas petition with the Circuit Court of Morgan County, West Virginia. As of the date of the Respondent's response, this petition was still pending before the Circuit Court.

**D. Petitioner's Federal Habeas**

In his federal habeas petition, Petitioner raises the following grounds for relief:[1]

(1) The indictments were tainted and illegal because they were knowingly brought in Morgan County for a criminal offense that occurred in Hampshire County.

(2) It was reversible and prejudicial error for the trial judge to convict Petitioner in Morgan County for a crime that allegedly occurred in Hampshire County.

(3) The bench trial was held out of proper venue and was therefore illegal.

(4) Petitioner's right to a jury trial was violated when he was refused a proper jury trial conducted in the venue where the alleged criminal offense took place.

(5) The trial court imposed an illegal sentence as Morgan County did not have the venue to impose any sentence at all over petitioner.

(6) The trial judge was corrupt for knowingly and intelligently allowing the illegal indicting, trying, convicting, and sentencing of Petitioner in the wrong venue and jurisdiction.

(7) Trial Counsel was ineffective for compelling Petitioner to testify against himself, for advising Petitioner to not accept a plea agreement offered by the State, for failing to do alternative

---

[1] In his petition, Petitioner raises four general claims. They are: (1) illegal sentence, trial, indictments, and refusal of a jury trial by reason of improper venue; (2) ineffective assistance of trial counsel and state habeas counsel; (3) corruption of the trial court judge and the prosecuting attorneys of Morgan County; and (4) cumulative error. However, in his memorandum in support of his petition, Petitioner makes eleven specific arguments in support of his four general claims. It is those specific arguments that the Court has identified as Petitioner's federal habeas claims.

DNA testing and for preparing Petitioner for an alternate outcome other than acquittal.

(8) State habeas counsel was ineffective for compelling Petitioner to testify against himself at the omnibus evidentiary hearing.

(9) It was prosecutorial misconduct for the prosecutors to allow a trial to continue that was out of their venue in Morgan County and to defraud the official record with false or misleading information.

(10) Petitioner received a sentence that was grossly disproportionate to the sentence that his codefendant Richard Corbin, III received after pleading guilty to the exact same offense for which Petitioner was convicted.

(11) Cumulative error.

**E. The Respondent's Motion to Dismiss**

In the motion to dismiss, the Respondent concedes that those grounds raised in Petitioner's direct appeal are exhausted. Nevertheless, the Respondent asserts that the only claim raised in Petitioner's federal habeas, that was also raised on direct appeal, is his claim that his rights were violated by holding trial in an improper venue. However, the Respondent asserts that Petitioner made no mention of any federal constitutional error when challenging that claim on direct appeal. Therefore, the Respondent argues that any issue related to this claim and involving Petitioner's federal constitutional rights, has not been properly exhausted.

In addition, although Petitioner's state habeas petition raises the same grounds alleged in Petitioner's federal habeas, the Respondent argues that because there is no record that Petitioner ever

filed an appeal of the state court's denial of his state habeas petition,[2] the grounds raised therein are not exhausted. Similarly, Petitioner's October 27, 2005 addendum, filed directly with the West Virginia Supreme Court of Appeals does not constitute a properly filed appeal because it was an addendum to an appeal that had never been filed.

Further, the Respondent argues that Petitioner's December 9, 2005, original jurisdiction petition to the West Virginia Supreme Court fails to satisfy the exhaustion requirements of § 2254 unless the Supreme Court has dismissed that petition with prejudice. Because the Court has not done so, the Respondent asserts that the claims raised in that petition do not satisfy the exhaustion requirements of § 2254.

Accordingly, because the Respondent believes that none of the claims raised in Petitioner's federal habeas petition have been properly exhausted, the Respondent asserts that the petition must be dismissed. Alternatively, the Respondent denies generally, that any violation of Petitioner's rights has occurred and reserves the right to make further argument on the merits of Petitioner's claims should this Court find that summary dismissal is not appropriate.

## F. **Petitioners' Reply**

In his reply to the Respondent's motion to dismiss, Petitioner asserts that he can prove that his claims are fully exhausted. In support of this claim, Petitioner asserts that he recently filed a complaint against habeas counsel alleging that counsel failed to "write the petitioners Habeas Appeal to the WVa. Supreme Court" in an attempt to thwart Petitioner's efforts at federal habeas relief. In response to that complaint, Petitioner's habeas counsel has stated that Petitioner did not

---

[2] With regard to Petitioner's state habeas, the Respondent argues that Petitioner misinterpreted key language in the state habeas court's final order and therefore mistakenly believed that an appeal was automatically filed.

7

want to file a state appeal, but a federal appeal and counsel informed Petitioner that he could not represent him in federal proceedings. Moreover, Petitioner's habeas counsel states that the Order of the state court denying Petitioner's state habeas states that the order is dispositive of all state level habeas issues and that it seems clear that Petitioner's rights to federal habeas appeal have been protected.

Second, Petitioner argues that he filed a Rule 35 motion in State court alleging that his sentence is illegal. Petitioner asserts that he raised the same arguments in that motion as he now raises on federal habeas review. In response to Petitioner's Rule 35 motion, Petitioner asserts that the prosecutor acknowledged that those arguments were made on direct appeal and exhausted. Therefore, Petitioner asserts that the State has had multiple chances to correct the alleged mistakes and has failed to do so.

Third, Petitioner argues that the failure to appeal his state habeas proceedings was through no fault of his own. Petitioner asserts that habeas counsel told him to skip his appeal to the West Virginia Supreme Court of Appeals and go directly to federal court. Therefore, it is not his fault that his habeas appeal did not go to the West Virginia Supreme Court of Appeals.[3]

## G. **Petitioners' First Status Report on the Exhaustion of State Remedies**

In this document, Petitioner asserts that on May 11, 2006, the West Virginia Supreme Court of Appeals refused his original jurisdiction Petition for Writ of Habeas Corpus Ad Subjiciendum and the denial of his Rule 35 motion. Because his original jurisdiction petition is the same as his federal

---

[3] Petitioner's reply also contains a heading "THAT THERE IS NOT MENTION OF THE STATE CONSTITUTION IN THE PETITIONERS MEMORANDUM." Petitioner then quotes several sections of the West Virginia Constitution. Unfortunately, Petitioner does not explain which memorandum he is referring to and the Court is unable to determine how this matter relates to whether or not Petitioner's federal habeas grounds are fully exhausted.

habeas petition, Petitioner asserts that "the Attorney General should be satisfied that all Remedies are fully exhausted."

## H. Supplement to the Petition

In this document, Petitioner brings to the Court's attention the 2004 case of Phillip Estep whom had his conviction overturned by reason of illegal venue. Petitioner asserts that this will be his "LEAD CASE EXHIBIT" and is placing excerpts from Mr. Esteps memorandum to the West Virginia Supreme Court of Appeals on the record in this case.

## II. Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Absent a valid excuse, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 (2004); see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising

9

the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[4] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is Petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365 (1995). Further, in addition to providing the state court with the facts supporting the claimed constitutional violation, the petitioner must also "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F. 3d 991, 994 (4th Cir. 1994).

Petitioner appealed his conviction to the West Virginia Supreme Court of Appeals. Therefore, any federal claims raised on direct appeal would be exhausted for purposes of federal

---

[4] Picard v. Connor, 404 U.S. 270 (1971).

habeas review. In this case, a review of Petitioner's direct appeal shows that the only ground raised on direct appeal and in Petitioner's federal habeas petition is his claim that the trial judge failed to grant a judgment of acquittal because the State failed to prove that venue of the charged offenses was proper in Morgan County. That claim is similar to ground two in the instant case.

Nevertheless, upon a close examination of the record, and giving Petitioner the benefit of any doubt, Petitioner's claim on direct appeal was strictly related to a claim arising under the State Constitution and State caselaw. No where in his petition for appeal does Petitioner mention or even allude to a federal claim with regard to this ground. Thus, because Petitioner failed to plainly identify his claim as one arising under the federal constitution of federal law, Petitioner failed to fairly present the substance of his federal claim to the state court. See Matthews v. Evatt, supra. Accordingly, although raised in Petitioner's direct appeal, ground two is not properly exhausted.

In addition, Petitioner also raised two Sixth Amendment ineffective assistance of counsel claims on direct appeal. Specifically, Petitioner challenged trial counsel's failure to ensure that his waiver of a jury trial was knowing and voluntary and counsel's failure to file a Rule 12(b)(3) request that the trial court judge conduct a voluntariness hearing regarding the admissibility of Petitioner's statement and the trial judge's failure to inquire whether Petitioner's decision to waive his right to voluntariness hearing was knowing, intelligent and voluntary. Although Petitioner has raised certain claims of ineffective assistance of counsel on federal habeas review, none of those claims are the least bit related to the ineffective assistance of counsel claims made by Petitioner on direct appeal. Thus, Petitioner's ineffective assistance of counsel claims were not exhausted on direct review.

As to Petitioner's other federal claims that were not raised on direct appeal, those claims may be exhausted if Petitioner filed a state habeas corpus followed by an appeal of that proceeding to the

11

West Virginia Supreme Court of Appeals. In this case, Petitioner did file a state habeas petition in which he raised the substance of his federal claims. Petitioner's state habeas was denied by the trial court on May 6, 2005. However, there is no record that an appeal of that proceeding was ever filed and Petitioner concedes as much in his original jurisdiction petition. See Respondent's Motion (dckt. 11) at Ex. 13. Thus, the claims raised in Petitioner's state habeas corpus are unexhausted. Accordingly, because none of the claims raised in Petitioner's federal habeas were properly exhausted in state court, the entire petition is due to be dismissed.

However, in his reply to the Respondent's motion, Petitioner asserts that the failure to appeal his state habeas petition was through no fault of his own and that he relied upon the advice of habeas counsel in proceeding straight to federal review. See Petitioner's Reply (dckt 12). In support of this claim, Petitioner asserts that he has filed a complaint against counsel based on his appeal advice. Id. at 2. During those proceedings, Petitioner's state habeas counsel filed a response to Petitioner's allegations. Id. at Ex. A. In that response, Petitioner's state habeas counsel asserts that after Petitioner's omnibus evidentiary hearing and the denial of his request for state habeas relief, counsel was appointed to represent Petitioner on appeal of his state habeas petition. Ex. A at 3. When counsel consulted with Petitioner about the possibility of filing an appeal, Petitioner told counsel that he was frustrated with the West Virginia State Court System and that instead of filing a state habeas appeal, Petitioner wished to institute a federal habeas proceeding. Id. at 3-4. Counsel advised Petitioner that the order of the state court preserved his right to a federal appeal because it stated that it resolved all of Petitioner's state level habeas issues. Id. at 4. In addition, counsel states that "it seems clear to Counsel that Mr. Forney's rights have been protected and that he can file his Federal Habeas Corpus Appeal." Id.

Pursuant to 28 U.S.C. § 2254 (i), a claim of ineffective assistance of post conviction counsel cannot serve as a basis for relief in federal habeas proceedings. In Pennsylvania v. Finley, 481 U.S. 551, 554 (1987), the Supreme Court held that there is no constitutional right to an attorney in state post conviction proceedings. As Petitioner had no constitutional right to the effective assistance of counsel during his post conviction proceedings, it follows that he also does not have a constitutional right to the effective assistance of counsel with respect to raising those matters on appeal. See Lowe-Bey v. Groose, 28 F.3d 816, 818 (8th Cir. 1994). Accordingly, even if Petitioner was misadvised by post conviction counsel as to his right to federal habeas review without first appealing the denial of his state habeas petition to the West Virginia Supreme Court of Appeals, such a claim does not excuse Petitioner's failure to properly exhaust.

In addition, Petitioner argues that he also filed a motion to correct illegal sentence pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure in the Circuit Court. See Petitioner's Reply (dckt. 12) at 3. Petitioner asserts that such motion raises the same allegations which are currently before this court on federal habeas review. Id. In those proceedings, Petitioner asserts that the prosecutor asserted that all the arguments raised by Petitioner in his Rule 35 motion were exhausted on appeal or in his state habeas proceedings. Id. at Ex. B at 2. Thus, it appears that Petitioner is arguing that the state should now be estopped from arguing that his claims are not exhausted.[5] See dckt. 12 at 3.

Upon a review of the State's response to Petitioner's Rule 35 motion, the State does assert

---

[5] To the extent Petitioner argues that raising his federal claims in a Rule 35 motion is sufficient to exhaust state remedies, as already noted, that is not the case. Exhaustion of State remedies for purposes of federal habeas review is accomplished through either a direct appeal or a state habeas petition proceeded by an appeal of that decision to the State Supreme Court. There is no provision in West Virginia that allows a federal habeas petitioner to exhaust state remedies by filing a Rule 35 motion.

that the claims raised in Petitioner's Rule 35 motion are exhausted. However, it appears from the response that the State was attempting to argue that the issues raised in Petitioner's Rule 35 motion had already been adjudicated on the merits in other State proceedings and that and that those issues should not be addressed again in the guise of a Rule 35 motion. Thus, it appears that the State merely made a poor choice of words in drafting its response to Petitioner's Rule 35 motion. Moreover, the State's response to Petitioner's Rule 35 motion was executed on September 12, 2005. At that time, Petitioner had already told state habeas counsel that rather than file an appeal in state court, he wished to proceed directly to federal habeas review. Therefor, the State's response to Petitioner's Rule 35 motion did not induce Petitioner to file for federal habeas review without first exhausting his state remedies. Accordingly, the undersigned is of the opinion that the State should not be estopped from asserting an exhaustion defense in these proceedings.

Finally, on June 1, 2006, Petitioner filed a document titled, "Status of the Exhaustion of State Remedies." In this document, Petitioner asserts that on May 11, 2006, the West Virginia Supreme Court of Appeals *refused* his original jurisdiction petition Writ of Habeas Corpus Ad Subjiciendum.[6] Therefore, Petitioner asserts that "[n]ow the Attorney General should be satisfied that all remedies are fully exhausted as he explained in his Motion to Dismiss." Thus, it appears that Petitioner no longer has any pending state remedies.[7]

---

[6] Petitioner filed an original jurisdiction petition for writ of habeas corpus with the West Virginia Supreme Court of Appeals on December 9, 2005. In that petition, Petitioner alleged that state habeas counsel was ineffective for failing to prosecute an appeal of the denial of Petitioner's state habeas petition, for compelling Petitioner to testify against himself at the evidentiary hearing and for failing to object to the final order proposed by the state dated May 7, 2005. Petitioner also made a cumulative error claim.

[7] On that same date, the West Virginia Supreme Court of Appeals also refused the appeal of Petitioner's Rule 35 motion. However, as discussed previously, Petitioner's Rule 35 motion does not effect the exhaustion of Petitioner's federal claims. Thus, neither does the West Virginia Supreme

However, the fact that the West Virginia Supreme Court of Appeals has refused Petitioner's original jurisdiction petition does not make Petitioner's federal habeas claims any more exhausted. It is well settled in this jurisdiction that "unless with prejudice, summary dismissals of habeas petitions invoking the original jurisdiction of the West Virginia Supreme Court will not satisfy exhaustion requirements." Moore v. Kirby, 879 F.Supp 592, 593 (S.D.W.Va. 1995). The Supreme Court's refusal to issue a rule to show cause is considered a summary dismissal. See McDaniel v. Holland, 631 F.Supp. 1544, 1546 (S.D.W.Va. 1986); W.Va. Rules App.Proc. 14(c) (the refusal to issue a rule to show cause is presumed to be without prejudice unless specifically noted otherwise). The Supreme Court of Appeals' order refusing the original jurisdiction petitioner by the Petitioner in this case does not state that such refusal is with prejudice. See dckt. 13 at Ex. A. Accordingly, because the West Virginia Supreme Court of Appeals did not refuse Petitioner's original jurisdiction petition with prejudice, the exhaustion requirement is still unsatisfied.[8]

### III. Recommendation

For the reasons set forth in this Opinion, it is recommended that the Respondent's Motion to Dismiss for failure to exhaust (dckt. 11) be GRANTED and Petitioner's § 2254 petition be DISMISSED without prejudice.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any

---

Court's refusal to hear Petitioner's appeal on said motion.

[8] The undersigned notes that it may have been more appropriate for Petitioner to seek the assistance of the West Virginia Supreme Court through a motion to appeal his state habeas petition out-of time based on the misadvice of state habeas counsel.

15

objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* Petitioner and any counsel of record.

DATED: January 31, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE