## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## AT MARTINSBURG

CHRISTOPHER FORNEY,

      Petitioner,

v.                                    CIVIL ACTION NO.  3:05CV124


WARDEN THOMAS MCBRIDE,

      Respondent.


## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

On this day the above styled case came before the Court for consideration of the Report and Recommendation of Magistrate Judge John S. Kaull, dated December 22, 2007.  The Petitioner file objections to the Report and Recommendation on February 9, 2007. In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review.

The Petitioner filed a two page objection to the Magistrate Judge's Report and Recommendation, making unclear references to two cases.  The Petitioner first references, <u>Youngblood v. West Virginia</u>, 126 S. Ct. 2188, 2190 (U.S. 2006), claiming the case demonstrates that, "the West Virginian Supreme Court of Appeals did not follow the due process procedures for federal or United States Supreme Court review by either allowing for a follow up appeal, or a dismissal 'With Prejudice.'"

In <u>Youngblood</u> the Supreme Court reversed and remanded an order of the West Virginia Supreme Court of Appeals on direct appeal.  The West Virginia high court had affirmed a trial court order's denial

## ORDER ADOPTING REPORT AND RECOMMENDATION

of Youngblood's motion for a new trial that alleged the prosecution had withheld favorable or exculpatory evidence in his case. The Supreme Court reversed and remanded the case because the West Virginia decision did not clearly address the exculpatory evidence issue raised by Youngblood under Brady v. Maryland. Brady v. Maryland, 373 U.S. 83 (1963). Youngblood did not involve a habeas corpus action or exhaustion of remedies.

Petitioner also cites McDaniel v. Holland, 631 F. Supp. 1544, 1546 (S.D.W. Va. 1986) in his objections to the Report and Recommendations. In McDaniel the court denied the petitioner's federal habeas corpus petition because McDaniel failed to exhaust his available state remedies. In McDaniel the petitioner presented his claims to the West Virginia Supreme Court of Appeals, which denied the petition without specifying whether it had done so with or without prejudice. The court in McDaniel cited the 1980 passage of the West Virginia Rules of Appellate Procedure and State v. Coleman, to indicate that the high court's refusal to issue a rule to show cause was a dismissal without prejudice. State v. Coleman, 281 S.E.2d 489 (W.Va. 1981).

The two cited cases support the Magistrate Judge's conclusion that the Petitioner in this matter has failed to raise or exhaust available state remedies, as required under 28 U.S.C. §2254.

2

## ORDER ADOPTING REPORT AND RECOMMENDATION

The objections go on to restate the previously raised argument that action on the Petitioner's Rule 35 motion constitutes exhaustion of the claims raised in that motion. The Objections fail to address the Magistrate Judge's assessment that the Rule 35 motion cannot constitute exhaustion for purposes of a §2254 petition.

The Petitioner's Objections do not show that he has raised his federal claims in state court and exhausted available state remedies. Therefore, the Court, adopts the Magistrate Judge's Report and Recommendation.

The Court further **ORDERS** that the Respondent's Motion to Dismiss (Document No. 11) is **GRANTED**. The Petition under 28 U.S.C. §2254 (Document No. 1) is therefore **DISMISSED WITHOUT PREJUDICE** based on the reasons set forth in the Magistrate Judge's Report and Recommendation. It is further **ORDERED** that this action be and is hereby **STRICKEN** from the active docket of this Court.

The Clerk is directed to transmit true copies of this Order to the Petitioner and all counsel of record in this matter.

**DATED** this 22nd day of February 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

3